FILED

JAN 1 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCKY L. MEYER,<br><br>    Plaintiff,<br><br>  v.<br><br>NAPA STATE HOSPITAL, et al.,<br><br>    Defendants.<br>_____/ | No. C 03-05583 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

    Defendants Dave Graziani, Dean Percy, Jeffrey Zwerin, Eric Khoury, Mike Stolp, Cheryl Smith, Peggy Spence, Jatinder Singh, Sandy Sanut, Elaine Moulton and Charles Schaffer move for summary judgment. Pro se Plaintiff Lucky L. Meyer opposes the motion and requests more time to conduct discovery. At the hearing on October 27, 2006, the Court allowed Plaintiff additional time to file a more detailed opposition, granting her motion for extension of time (Docket No. 110). Having considered the parties' papers, the evidence cited therein and oral arguments, the Court grants Defendants' motion for summary judgment and denies Plaintiff's

request for additional time.

## BACKGROUND

Plaintiff filed her original complaint in December, 2001. In her corrected second amended complaint, filed in March, 2006, Plaintiff alleges that she was placed on leave, demoted from her position as a psychiatric technician at Napa State Hospital and harassed in retaliation for exercising her First Amendment rights by reporting patient abuse and related practices pertaining to the care of mentally ill and disabled patients at the Hospital. She brings a claim against Defendants under 42 U.S.C. section 1983.[1]

It is undisputed that Plaintiff's reporting of alleged patient abuse was made pursuant to her job duties.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true

---

[1] After filing her opposition, Plaintiff filed an amended complaint, purporting to bring a whistle-blower cause of action under the False Claims Act. But, as Defendants note, Plaintiff did not seek leave to file an amended complaint, nor did Defendants consent to Plaintiff filing an amended complaint. See Fed. R. Civ. P. 15(a). Therefore, Defendants' Motion to Strike Amended Complaint Filed Without Leave of Court (Docket No. 115) is GRANTED.

the opposing party's evidence, if supported by affidavits or other evidentiary material. <u>Celotex</u>, 477 U.S. at 324; <u>Eisenberg</u>, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Intel Corp. v. Hartford Accident & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of production by either of two methods. <u>Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.</u>, 210 F.3d 1099, 1106 (9th Cir. 2000).

> The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

<u>Id.</u>

If the moving party discharges its burden by showing an absence of evidence to support an essential element of a claim or defense, it is not required to produce evidence showing the absence of a material fact on such issues, or to support its motion with evidence negating the non-moving party's claim. <u>Id.</u>; <u>see also</u>

Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the non-moving party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan, 929 F.2d at 1409.

If the moving party discharges its burden by negating an essential element of the non-moving party's claim or defense, it must produce affirmative evidence of such negation. Nissan, 210 F.3d at 1105. If the moving party produces such evidence, the burden then shifts to the non-moving party to produce specific evidence to show that a dispute of material fact exists. Id.

If the moving party does not meet its initial burden of production by either method, the non-moving party is under no obligation to offer any evidence in support of its opposition. Id. This is true even though the non-moving party bears the ultimate burden of persuasion at trial. Id. at 1107.

## DISCUSSION

Defendants argue that summary judgment should be granted for two separate reasons: first, because Plaintiff's speech at issue was made pursuant to her job duties and cannot give rise to a section 1983 claim; and second, because Plaintiff provides no admissible evidentiary support sufficient to create a factual dispute to defeat a motion for summary judgment. The Court need only address Defendants' first argument.

As Defendants note, the Supreme Court's recent holding in Garcetti v. Ceballos, 126 S. Ct. 1951 (2006), is dispositive. In Garcetti, a deputy district attorney filed a section 1983 complaint against the county and his supervisors, alleging that he was subject to adverse employment actions in retaliation for engaging in protected speech. The speech at issue was a memorandum the plaintiff wrote pursuant to his official duties. The Supreme Court ruled that the plaintiff had no First Amendment claim, holding "that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." 126 S. Ct. at 1960.

Here, too, Plaintiff is a public employee. Her speech at issue was made pursuant to her official duties. As noted above, this fact is undisputed. When asked in her deposition if it was her duty as part of her job to report patient abuse to her supervisors, Plaintiff answered, "yes." Harkness Dec., Ex. B at 59:14-17. In her opposition, she tries to downplay this admission; she states that, while the Hospital's policy "may include reporting obligations, in practice the following of those procedures was discouraged." That statement, however, does not contradict Plaintiff's previous admission that reporting patient abuse was part of her official duties.

Because the statements at issue were made pursuant to Plaintiff's official duties, she was not speaking as a citizen for First Amendment purposes. Therefore, the Court must grant summary

5

judgment in favor of Defendants. <u>Garcetti</u>, 126 S. Ct. at 1960.

Plaintiff requests additional time to conduct further discovery; she also requests that the Court permit oral testimony in support of her opposition to Defendants' motion for summary judgment. Her requests are denied. Although she points to evidence which could support her claim that she was harassed and retaliated against, she points to no evidence that would show that her speech was not made pursuant to her job duties. Furthermore, this case has been ongoing for three years. Plaintiff has had adequate time for discovery.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Judgment (Docket No. 108).[2] Judgment shall enter accordingly. Each party shall bear their own costs.

IT IS SO ORDERED.

Dated: JAN 1 1 2007

CLAUDIA WILKEN
United States District Judge

---

[2] Both parties objected to the other parties' evidence. To the extent that the Court relied upon evidence to which there is an objection, the parties' objections are overruled. To the extent that the Court did not rely on such evidence, the parties' objections are overruled as moot. The Court has not relied on any inadmissible evidence in deciding this motion.

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MEYER,

        Plaintiff,

v.

NAPA STATE HOSPITAL et al,

        Defendant.
        _____/

Case Number: CV03-05583 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 11, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lucky L. Meyer
P.O. Box 612
Vallejo, CA 94590


Robert A. Harkness
Office of the Attorney General
Department of Justice
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550

Dated: January 11, 2007

                                  Richard W. Wieking, Clerk
                                  By: Sheilah Cahill, Deputy Clerk